(C. D. 1694)

HENRY C. SCHAERF CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 14, 1955)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Warren E. Burger,* Assistant Attorney General (*Richard M. Kozinn,* trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The merchandise in controversy is described in the record as "Bolt or Wire Cutting Clippers" or as "Wire Cutting Clippers." Upon importation, the collector of customs classified the merchandise in paragraph 352 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 352), as modified by Presidential proclamation (86 Treas. Dec. 337, T. D. 52820), supplementing the Torquay Protocol to the General Agreement on Tariffs and Trade (86 Treas. Dec. 121, T. D. 52739), as metal-cutting tools, and duty was assessed thereon at the rate of 25 per centum ad valorem.

Plaintiff contends that the merchandise should be classified in paragraph 396 of said act (19 U. S. C. § 1001, par. 396), as modified by Presidential proclamation (85 Treas. Dec. 116. T. D. 52462),

supplementing the Annecy Protocol to the General Agreement on Tariffs and Trade (84 Treas. Dec. 403, T. D. 52373), as "cutting tools; * * * if hand tools" at the rate of 22½ per centum ad valorem.

The competing text of the involved statutes is here set forth—

Paragraph 352 of the Tariff Act of 1930, as modified, *supra*:

Twist and other drills, reamers, milling cutters, taps, dies, die heads, and metal-cutting tools of all descriptions, and cutting edges or parts for use in such tools, composed of steel or substitutes for steel, all the foregoing, if suitable for use in cutting metal, not specially provided for, 25% ad val.

Paragraph 396 of said act, as modified, *supra*:

Drills (including breast drills), bits, gimlets, gimlet-bits, countersinks, planes, chisels, gouges, and other cutting tools; all the foregoing, if hand tools not provided for in paragraph 352, Tariff Act of 1930, and parts thereof, wholly or in chief value of metal, not specially provided for, 22½% ad val.

At the trial, it was agreed by the parties litigant that a sample, marked exhibit 1, was representative of the items in controversy. It was also agreed that the articles are metal-cutting tools and that they are hand tools.

Since there is no dispute with regard to the facts herein, the case resolves itself solely into a question of law, namely, which of the two paragraphs above quoted embraces the article. No authorities have been cited upon the merits of the case, and it is presented by plaintiff as one of novel impression.

The argument of plaintiff as derived from its brief proceeds upon the following thesis:

Paragraph 352 provides for metal-cutting tools of all descriptions, and paragraph 396 for "cutting tools * * * if hand tools" without limitation as to the material to be cut. If there were no other matters to be considered the choice would be difficult. However, a consideration of both paragraphs together leads to the conclusion that 352 is intended to cover only tools used as parts of machines, and paragraph 396, of course, is limited by its own terms to hand tools.

More easily to visualize the situation, it will prove helpful to set forth the text of the respective paragraphs as they appear in the Tariff Act of 1930, as follows, with emphasis added:

PAR. 352. Twist and other drills, reamers, milling cutters, taps, dies, die heads, *and metal-cutting tools of all descriptions*, and cutting edges or parts for use in such tools, *composed of steel* or substitutes for steel, *all the foregoing, if suitable for use in cutting metal*, not specially provided for, 50 per centum ad valorem; cutting tools of any kind containing more than one-tenth of 1 per centum of vanadium, or more than two-tenths of 1 per centum of tungsten, molybdenum, or chromium, 60 per centum ad valorem. *The foregoing rates shall apply whether or not the articles are imported separately or as parts of or attached to machines*, but shall not apply to holding or operating devices.

PAR. 396. Drills (including breast drills), bits, gimlets, gimlet-bits, countersinks, planes, chisels, gouges, *and other cutting tools*; pipe tools, wrenches, spanners, screw drivers, bit braces, vises, and hammers; calipers, rules, and micrometers;

*all the foregoing, if hand tools not provided for in paragraph 352*, and parts thereof, *wholly or in chief value of metal*, not specially provided for, 45 per centum ad valorem.

Plaintiff bases its contention that paragraph 352 is limited to metal-cutting tools used with machines upon the last sentence of paragraph 352 which reads:

\* \* \* The foregoing rates shall apply whether or not the articles are imported separately or as parts of or attached to machines, but shall not apply to holding or operating devices.

We are of the considered opinion, however, that a careful examination and comparison of the pertinent text of the two paragraphs leads to the conclusion that the cutting tools in controversy were properly classified in paragraph 352.

Paragraph 352, after enumerating certain exemplar items, reads "and *metal*-cutting tools of all descriptions, \* \* \* all the foregoing, if suitable for use in cutting *metal* \* \* \*." [Italics added.]

Paragraph 396 likewise enumerates certain exemplar articles "and other *cutting* tools; \* \* \* all the foregoing, if *hand* tools not provided for in paragraph 352 \* \* \*." [Italics supplied.]

It is significant that, while paragraph 352 is specifically limited to *metal*-cutting tools, paragraph 396 omits the word "metal" in the phrase "other cutting tools," clearly indicating, we believe, that paragraph 396 was designed to embrace cutting tools other than metal cutting "if hand tools" and not provided for in paragraph 352. The words "if hand tools not provided for in paragraph 352" distinctly imply that there may be hand tools which are, in fact, metal-cutting tools and, hence, within the phrase "and metal-cutting tools of all descriptions" enumerated in paragraph 352.

To ascribe to the words "imported separately or as parts of or attached to machines" a limitation of the scope of this paragraph to tools used in conjunction with machines, as urged by plaintiff, would, we believe, do violence to and render inoperative the proviso in paragraph 396 which reads "if hand tools not provided for in paragraph 352." It is important, of course, to so interpret the language of the statute as to give appropriate meaning and effect to all of its provisions. Such an interpretation, we believe, has been adopted in the present controversy. The construction which we have given to the statutory provisions of paragraphs 352 and 396 of the basic act compels a like conclusion with respect to the two paragraphs, as modified, *supra*.

For whatever corroborative effect it may have on the conclusion herein reached, it is interesting to note that in the Summaries of Tariff Information, 1948, prepared in response to a resolution of the Ways and Means Committee of the House of Representatives,

volume 3, part 5, at page 186, dealing with paragraph 396, appears the following—

This summary covers a wide variety of mechanics' hand tools such as drills, planes, chisels, axes, measuring tools, pipe tools, wrenches, hammers, screw drivers, and others, for use chiefly on wood and other nonmetallic materials.[1]

In accordance with the views above expressed, we find and hold that the merchandise under consideration was properly classified by the collector of customs and overrule the protest.

Judgment will issue accordingly.

(C. D. 1695)

---

[1] Related mechanics' hand tools are covered in separate summaries under paragraphs 326, 340, 352, 357, 361, 362, and 397